May Term,
__1856.__

ELLIS
v.
MARTIN.

ELLIS and Another *v.* MARTIN and Others.

A mortgage was executed by an administrator to the sureties on his bond, with condition that if he should faithfully administer upon the estate and indemnify the mortgagees and save them harmless from all liabilities, damages and costs, as such sureties, the mortgage was to be void. *Held,* that the mortgagees could only have a right to foreclose upon a failure of the administrator faithfully to administer.

*Monday,*
*June 16.*

APPEAL from the *Knox* Circuit Court.

DAVISON, J.—This was a suit by *Ellis* and *Decker*, the appellants, against *Margaret, Albert* and *Emma Martin,* heirs at law of *John B. Martin,* deceased, to foreclose a mortgage executed by him in his lifetime to the appellants. The condition of the mortgage is as follows:

Whereas the said *Ellis* and *Decker* did, on the 6th of *April,* 1841, enter themselves as sureties upon the bond of the said *John B. Martin,* filed in the *Knox* Probate Court, conditioned for the faithful performance of his duties as administrator of *Samuel Bruner,* deceased; therefore, if the said *John B. Martin* shall faithfully administer said estate, and indemnify them and save them harmless from all liabilities, damages and costs, as such sureties as aforesaid, then to be void.

The complaint alleges that *Martin* died insolvent; that there never has been any administrator on his estate; that after the death of *Martin,* one *John Moore,* who had been appointed administrator *de bonis non* of said *Bruner,* instituted a suit in the *Knox* Circuit Court against the plaintiffs, as sureties of *Martin* on said administration bond, to recover 2,500 dollars, which was charged to be owing by him as administrator of *Bruner* to the estate of *Bruner;* and that thereby it became and was incumbent on them to defend said suit, and that they employed counsel and did make a successful defence. It is alleged that the plaintiffs have expended 200 dollars in said defence, in the payment of counsel fees, and 10 dollars in costs, &c.

Demurrer to the complaint sustained. Judgment for the defendants. This ruling is assigned for error.

The condition of the mortgage before us stipulates that *Martin* shall faithfully administer the estate of *Bruner*, and also indemnify his sureties, and save them harmless from all liabilities, damages and costs, on account of their liabilities as sureties. There is no averment that *Martin* failed in the proper discharge of his duty as administrator, and, in its absence, we must intend that he performed that duty faithfully. This is, in effect, shown by the result of the suit against his sureties on the administration bond. Hence, it is clear that they have sustained no damage resulting from any illegal act, or omitted duty, on his part. But it is argued that the condition of the mortgage should be so construed as to embrace the expenses incurred by the sureties in defence of the suit named in the complaint, though that suit was groundless. In support of this position, *The Trustees, &c.* v. *Galatian*, 4 Cow. 340, is relied on. That was debt on a bond, conditioned that the defendants should pay the plaintiffs all such sums, &c., as might be laid out by the plaintiffs in repairing a certain street in *Newburgh*, &c., and moreover save, defend, keep them harmless and indemnified, &c., against all actions, suits, costs, damages and demands whatsoever, on account thereof. The Court held that the costs of a groundless suit against the obligees of the bond was covered by the condition. Between this and the contract sued on, there is, in our opinion, a clear distinction. In the case cited, there is a stipulation to indemnify the plaintiffs against "all actions and suits whatsoever." Here the condition contains no indemnity against suits. The force of the obligation is the faithful administering on the estate. Indeed the condition could only become operative upon a default so to administer. *Martin* had become bound to perform his duties faithfully. In this it was anticipated that he might fail; and to save his sureties harmless from any liability they might incur in consequence of such failure, was evidently the purpose of the mortgage. By a proper execution of the trust, it was fully within his power to obviate any valid cause of action against himself and sureties; but no effort on his part could have pre-

vented a causeless suit. It is said that "if the plaintiffs had not bound themselves as sureties, they never would have been sued." This may be true and still the demand sued for not within the condition. The rule of construction applicable to this indemnity, is nothing different from that which applies to all other contracts. Its meaning must be ascertained from the language used, as understood by the parties. The plain intent of the contract may be thus stated: The mortgage was to be void if *Martin* faithfully performed his duty as administrator, because, that being the case, there could be no liability created by him, resting on his sureties. Have the sureties on the administration bond been damnified by the default of their principal? This is really the only question in the case, and it must be answered negatively. *Gilbert* v. *Wiman*, 1 Com. 550.

The demurrer was correctly sustained.

*Per Curiam.*—The judgment is affirmed with costs.

*S. Judah*, for the appellants.